**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

PATRICK HAGEMAN, JULIE ENGEL, SUSANNE SMITH, GARY STROICK, BRUCE MCKEEMAN, BRENDA DAMMANN, CHARLAINE RAMSAY, LORI HOLM, CHRISTOPHER GARDOCKI, PAUL JACOBSEN, CYRUS VAHHAJI, PATRICK GRAVEN, PATRICIA SAIGN, JOHN HETTERICK, GREGORY TIMM, JACQUELINE WILLIAMS, and STEPHEN RIPLEY, for and on behalf of themselves and other persons similarly situated,

PLAINTIFFS,

V.

ACCENTURE, LLP,

DEFENDANT.

CIVIL NO. 10-1759 (RHK/TNL)

**ORDER OPINION**

---

To: Brent C. Snyder, Craig A. Brandt, and Stephen J. Snyder, **SNYDER & BRANDT, P.A.**, 120 South Sixth Street, Suite 2550, Minneapolis, MN 55402, for Plaintiffs;

Annette Tyman (pro hac vice), David J. Rowland (pro hac vice), Gerald L. Maatman, Jr. (pro hac vice), Steven J. Pearlman (pro hac vice), and Tracy M. Billows (pro hac vice), **SEYFARTH SHAW LLP**, 131 South Dearborn Street, Suite 2400, Chicago, IL 60603; Steven M. Sprenger (pro hac vice), **SPRENGER & LANG, PLLC**, 1400 Eye Street Northwest, Suite 500, Washington, DC 20005; Mara R. Thompson, Attorney at Law, 4585 Weston Lane North, Plymouth, MN 55446, for Defendant.

1

## I.    INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiffs' Motion to Compel Discovery (Docket No. 167). A hearing was held on the motion on September 30, 2011.  Brent C. Snyder appeared on behalf of Plaintiffs. Tracy M. Billows appeared on behalf of Defendant.  For the reasons set forth below, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery (Docket No. 167) is **GRANTED IN PART** and **DENIED IN PART**.

## II.    BACKGROUND

Plaintiffs bring their Third Amended Complaint against Defendant Accenture, LLP,  (Accenture) alleging that Accenture engaged in a pattern and practice of age discrimination against its older Information Technology (IT) employees working at the Best Buy campus in Richfield, Minnesota.  (Third Am. Compl. ¶ 40, Nov. 8, 2010.) Plaintiffs allege as follows: Plaintiffs were employed as IT professionals at the Best Buy campus in Richfield. (*Id.* at ¶¶ 1-17.) Plaintiffs were hired by Accenture when Best Buy contracted with Accenture to perform IT work for the Best Buy campus in Richfield. (*Id.* at ¶ 49.)  Accenture generally classified Plaintiffs as "Service" employees and not as "Enterprise," "Consulting," or "Solution" employees. (*Id.* at ¶¶ 49-51.) Accenture generally hired and classified younger employees as "Enterprise," "Consulting," or "Solution" employees.  (*Id.* at ¶ 49.) "Enterprise," "Consulting," and "Solution" employees often perform the same work as "Service" employees. (*Id.* at ¶ 50.) Accenture

2

terminated Plaintiffs. (*Id.* at ¶¶ 1-17.) Accenture replaced Plaintiffs with younger "Enterprise," "Consulting," and "Solution" employees and overseas "Service" employees. (*Id.* at ¶ 53.) Based upon these allegations, Plaintiffs brings individual and collective action age discrimination claims under the Age Discrimination in Employment Act (ADEA) and the Minnesota Human Rights Act (MHRA) as well as disparate impact claims under the ADEA and MHRA.

Plaintiffs filed the present motion to compel seeking three categories of documents that Plaintiffs contend have been requested and not produced:

1. Information needed for statistical analyses;

2. Documents with express age references; and

3. Documents sent and received by Accenture utilizing the bestbuy.com server.

Accenture opposes the motion.

## III.    DISCUSSION

### a.  Standard of Review

Federal Rule of Civil Procedure 26(b)(1) states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal

in scope and interpretation . . . ." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

Rule 33(a)(1) provides: "[A] party may serve on any other . . . written interrogatories." Fed. R. Civ. P. 33(a)(1). Rule 34(a) provides: "A party may serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, . . . ['any designated document'] in the responding party's *possession, custody, or control*." *Id.* at 34(a) (emphasis added). A party may move for an order compelling discovery where a party fails to respond as requested under Fed. R. Civ. P. 33 or 34. *Id.* at 37(a)(3)(iii)-(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* at 37(a)(4).

### a. Statistical Analysis Information

Plaintiffs seek information necessary for conducting statistical analyses to support their claim that Accenture engaged in a pattern of discriminatory conduct. Specifically, Plaintiffs seek an order compelling Accenture to respond to Interrogatory No. 32, which seeks date of birth, workforce, date of hire, current status, date of termination information, and reason for termination information for each person on various organizational charts. Plaintiffs also seek an order compelling Accenture to respond to Request for Production No. 62, which seeks every performance improvement plan for the relevant years for any Accenture-at-Best Buy IT employee, whether the employee is onshore or offshore.

Accenture opposes the motion with respect to Interrogatory No. 32, arguing that it has already produced information that is responsive, it has produced all information within its possession, custody, and control, and Accenture will work with Plaintiffs to supply any inadvertently missing information within its possession, custody, and control. Accenture opposes the motion with respect to Request for Production No. 62, arguing that the request is overly broad and unduly burdensome because it seeks information about employees who are not similarly situated to Plaintiffs. For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part with respect to statistical analysis information.

Interrogatory No. 32 seeks relevant information as defined by Fed. R. Civ. P. 26; however, Plaintiffs' motion is substantially denied with respect to Interrogatory No. 32. First, Accenture's response to date to Interrogatory No. 32 is complete and satisfies the requirements of Fed. R. Civ. P. 33(d). Second, to the extent Accenture has responsive information within its possession, custody, or control about offshore employees of Accenture affiliates, such information has been produced. Third, consistent with this Court's prior Order (Docket No. 147), Accenture is neither required nor can be compelled to produce information about offshore employees that is not within Accenture's possession, custody, or control. The offshore employees are employed by Accenture-affiliated entities. Presumably, these non-party entities who are affiliated with Accenture have responsive information. Nevertheless, in the absence of any showing that Accenture has a right to receive information from the affiliated entities on demand, Fed.

R. Civ. P. 33 is not the appropriate Rule for obtaining discovery from these non-party affiliated entities.

Plaintiffs' motion is granted with respect to Interrogatory No. 32 to the limited extent that Accenture shall cooperate with Plaintiffs in good faith to provide supplemental responsive information for those individuals on the organizational charts who might be absent from Accenture's previously disclosed databases because of maiden/married names, nicknames, or name changes.

The information sought by Request for Production No. 62 is overbroad because only one Plaintiff had a performance improvement plan at the time of his termination. Plaintiffs' motion is granted to the limited extent that Accenture shall produce all performance improvement plans for employees similarly situated to the one Plaintiff who had a performance improvement plan.

### b. Documents with express age references

Plaintiffs seek documents with express age references. Specifically, Plaintiffs seek an order compelling Accenture to respond Request for Production Nos. 51, 52, 53, 54, 55, 56, and 58. Plaintiffs contend that Accenture has failed to provide responsive information about documents with express age references in the possession of the entities that employ the offshore employees discussed earlier. The information sought by Request for Production Nos. 51, 52, 53, 54, 55, 56, and 58 is relevant as defined by Fed. R. Civ. P. 26(b)(1); nevertheless, Plaintiffs' motion is denied for the reasons set forth above. Plaintiffs have made no showing that Accenture has failed to produce all documents with

express age references within *its* possession, custody, and control. Likewise, Accenture is neither required nor can be compelled to produce documents that are not within Accenture's possession, custody, and control. The documents with express age references that are used by or possessed by Accenture's affiliated entities are not within Accenture's possession, custody, and control.

Plaintiffs argue that Accenture should be compelled to produce said documents because responsive documents are "only a telephone call away for Accenture's management." There is no such obligation in the Federal Rules of Civil Procedure; Accenture is not required to litigate Plaintiffs' case. Rule 45 is the proper vehicle for Plaintiffs to obtain relevant information from third-party entities affiliated with Accenture.

### c. Documents sent and received by Accenture utilizing the bestbuy.com server

Request for Production No. 67 seeks all e-mails sent or received by Accenture employees through the bestbuy.com server that would be responsive to other document requests. There is no dispute between the parties that Request for Production No. 67 seeks relevant information as defined by Fed. R. Civ. P. 26(b)(1). There is also no dispute between the parties that Accenture employees have or had bestbuy.com e-mail addresses and used those e-mail addresses to send and receive information. There is also no dispute between the parties that information sent from and received by bestbuy.com e-mail addresses is stored on the bestbuy.com server. The only dispute is whether information

sent from and received by bestbuy.com e-mail addresses assigned to Accenture employees is within Accenture's possession, custody, or control.

Plaintiffs seek an order compelling Accenture to respond to produce information responsive to Request for Production No. 67, arguing that such information is within Accenture's possession, custody, or control.  Accenture opposes the motion, arguing that it does not have access to the bestbuy.com server and therefore, does not have possession, custody, or control over any bestbuy.com server information.  For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part with respect to Request for Production No. 67.

"[U]nder Rule 34, 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000) (quotation omitted).  Accenture's contention is one of form over substance.  The fact that the information sought may be "stored" on a bestbuy.com server and the fact that Accenture and Best Buy have an agreement that Best Buy has ownership of the information stored on the bestbuy.com server matters not.  If an Accenture employee with a bestbuy.com e-mail address can access information sent from or received by his or her bestbuy.com e-mail address within his or her normal day-to-day work, then that information is within Accenture's control. Accenture is required to preserve that information, and Accenture must produce that information to the extent that

8

it is requested, relevant, and nonprivileged. Accenture argues that it would be prejudiced by being required to produce this information at this stage in the litigation. This objection is without merit. Plaintiffs have been prejudiced by Accenture's failure to produce responsive information within the time provided by Fed. R. Civ. P. 34.

Plaintiffs' motion is denied with respect to the information contained on the bestbuy.com server and is inaccessible to Accenture employees within their normal day-to-day activity.  The fact that Accenture employees used bestbuy.com e-mail addresses does not make information that is no longer accessible those Accenture employees within Accenture's possession, custody, and control merely because the information may be stored or archived on the bestbuy.com server. The contract between Accenture and Best Buy does not state that Accenture can freely access the bestbuy.com server or has a contractual right to obtain information on the bestbuy.com server upon request.  Rule 45 is the proper vehicle for Plaintiff to obtain information from the bestbuy.com server that cannot be accessed by an Accenture employee within his or her normal day-to-day activity.

## IV.    ORDER

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery (Docket No. 167) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. On or before October 31, 2011, Accenture, LLP shall meet and confer with Plaintiffs, and cooperate in good faith to provide supplemental responsive

information to Interrogatory No. 32 as set forth in the Discussion section of this Order Opinion.

2.  On or before October 31, 2011, Accenture LLP shall produce nonprivileged information responsive to Request for Production No. 62 by producing all performance improvement plans for employees similarly situated to the Plaintiff who had a performance improvement plan at the time of his termination.

3.  To the extent that Accenture, LLP has not done so already, on or before October 31, 2011, Accenture, LLP shall produce complete and nonprivileged information responsive to Request for Production Nos. 51, 52, 53, 54, 55, 56, and 58 to the extent that said information is within Accenture, LLP's possession, custody, or control as delineated within this Order Opinion.

4.  On or before October 31, 2011, Accenture, LLP shall produce complete and nonprivileged information responsive to  Request for Production No. 67 to the extent that said information is within Accenture, LLP's possession, custody, or control as delineated within this Order Opinion.

5.  Plaintiffs' motion is denied in all other respects.

6.  Nothing in this Order Opinion should be interpreted to negate any party's obligations under Fed. R. Civ. P. 26(e).

7.  Failure to comply with any provision of this Order or any other prior consistent Order Opinion shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies,

sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: October 19, 2011

*s/ Tony N. Leung*

Magistrate Judge Tony N. Leung
United States District Court
For the District of Minnesota


*Hageman v. Accenture, LLP*,
CIVIL NO. 10-1759 (RHK/TNL)

11